# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT

I, Casey Melton, being first duly sworn, upon oath, depose and state the following:

## TRAINING AND EXPERIENCE

1.  I am a Deputy Marshal with the United States Marshals Service (USMS). In February of 2018, I attended 12 weeks of the Criminal Investigator Training Program and 8 weeks of the Basic Deputy U.S. Marshal Course, both located at the Federal Law Enforcement Training Center, Glynco, GA. I have been assigned to the District of Alaska, Anchorage Office since June 2018. As a Deputy, I have participated in fugitive investigations and executed arrest warrants for Federal and State courts. Prior to becoming a Deputy, I served in the U.S. Army Criminal Investigation Division (USACID) for 6 years as a Special Agent, conducting felony criminal investigations.

2.  I submit this affidavit in support of a criminal complaint alleging that Duane Byron "Fat Daddy" FIELDS committed a violation of 18 U.S.C. §§ 401 and 402, Criminal Contempt. This affidavit contains information to support probable cause for this complaint based on my personal knowledge and knowledge gained from other law enforcement agencies and officers.

## BACKGROUND

3.  On July 27, 2012 Duane Byron "Fat Daddy" FIELDS was found guilty in the District of Alaska on one count of drug conspiracy, two counts of drug distribution and

1

one count of possession with intent to distribute a controlled substance in the underlying case 3:12-CR-00022-TMB. The Judgment and Commitment was dated October 2, 2012 and FIELDS was committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a total term of 180 months.

4. BOP housed FIELDS at Federal Correctional Institute (FCI) Terminal Island in California until May 8, 2020.

5. On March 25, 2020, in response to the COVID-19 pandemic, the State of Alaska issued Health Mandate 010 in order to prevent the spread of COVID-19 and protect the public health of Alaskans. This mandate requires all people arriving in Alaska, whether resident, worker or visitor to self-quarantine for 14 days and monitor themselves for illness. The only exceptions to this mandate are residents and workers supporting critical infrastructure and is in effect until June 2, 2020. Violations of the mandate are considered a State of Alaska Class A misdemeanor punishable by a fine of up to $25,000, or imprisonment of not more than one year, or both pursuant to Alaska Statute 12.55.035 and Alaska Statute 12.55.135. A copy of this mandate is attached.

## PROBABLE CAUSE

6. On February 24, 2020, at Docket 207, in case 3:12-CR-00022-TMB, FIELDS moved the United States District Court, District of Alaska, to grant him a compassionate early release from imprisonment on account of the COVID-19 pandemic. On April 29, 2020, at Docket 221, after considering the parties' filings in support of and in opposition to the motion, the Court ordered FIELDS to inform the Court by May 6 where he would

reside during a mandatory 14-day quarantine following his return to Alaska, if the Court granted his motion. FIELDS had originally proposed being released to his mother's residence, but his mother required that FIELDS stay somewhere else during the initial State of Alaska required 14-day quarantine period for people traveling interstate to Alaska. On May 1, 2020, FIELDS informed the Court, if released, that he could and would stay at the Chelsea Inn in Anchorage, where his daughter had arranged for him to stay in during the 14-day quarantine. FIELDS' daughter is employed at the Chelsea Inn and had made the living arrangements on his behalf.

7. On May 6, 2020, at Docket 223, the Court granted FIELDS' motion and reduced his term of imprisonment to time served. In that order, the Court specifically referred to the state quarantine requirement when it stated that "[s]hould Defendant fail to follow the quarantine or social distancing measures currently in place, or any other condition of release, the Court may fashion an appropriate sanction, which could include further incarceration." FIELDS never informed the Court that the BOP had tested him for COVID-19 on May 6, 2020.

8. On Friday, May 8, 2020 at 7:15 PM, FIELDS arrived at Ted Stevens International Airport, Anchorage, Alaska, from where his daughter drove him to the Chelsea Inn to commence his 14-day self-quarantine. Not long after his arrival at the Chelsea Inn, United States Probation, District of Alaska, Officer Timothy ASTLE spoke with both FIELDS and his daughter via a video calling feature on FIELDS' daughter's cellular phone. Officer ASTLE reminded them both of the 14-day self-quarantine requirement.

According to State of Alaska Health Mandate 010, as well as the Court's order, FIELDS was not permitted to leave the Chelsea Inn.

9. On Sunday, May 10, 2020, FIELDS spoke by telephone with Officer Timothy ASTLE, who gave FIELDS an "abbreviated" orientation to supervision, including going over intake documentation. Officer ASTLE again discussed the 14-day self-quarantine with FIELDS. FIELDS never mentioned that FCI Terminal Island had tested him for COVID-19 on May 6.

10. On May 11, 2020, FCI Terminal Island notified the USPO that FIELDS had submitted to a COVID-19 test on May 6, 2020 while still in custody. FIELDS' test results did not come in until May 10, 2020. FIELDS' results showed that he had tested positive for COVID-19.

11. Upon being informed of this, Officer ASTLE attempted to contact FIELDS' daughter, without success. Officer ASTLE then telephoned the Chelsea Inn, who stated FIELDS' daughter was not at work at the time and could not transfer Officer ASTLE to FIELDS' room as the room had no telephone in it. The employee Officer ASTLE spoke with then stated they knew FIELDS had left the Chelsea Inn earlier that day.

12. Officer ASTLE then called FIELDS' 68 year old mother to find out if she knew where he was. FIELDS' mother told Officer ASTLE that her son was at that very moment on her couch in her residence, which is not at the Chelsea Inn.

4

13.     Officer ASTLE traveled to FIELDS' mother's residence and asked FIELDS to step outside to speak with him. When asked why he was at the residence, FIELDS stated he was there to retrieve personal belongings and clothing. Officer ASTLE informed FIELDS of his positive test and instructed him to return to the Chelsea Inn.

## CONCLUSION

14.     Based upon my training, experience and the aforementioned information, I submit that there is probable cause to believe that on May 11, 2020, in Anchorage, Alaska, Duane Byron "Fat Daddy" FIELDS did willfully disobey and resist this Court's lawful order and command directing him to comply, upon his arrival in Anchorage, Alaska, on May 8, 2020, with a 14-day self-quarantine condition set out in the Court's order of May 6, 2020, at Docket 223, in case 3:12-CR-00022-TMB, which is a violation of 18 U.S.C. § 401(3) and subject to punishment by fine or imprisonment, or both at the Court's discretion. I further submit that, by his willful disobedience of the Court's lawful order, FIELDS also committed a violation of State of Alaska Health Mandate 010: International and Interstate Travel – Order for Self-Quarantine, a class A misdemeanor according to Alaska Statute § 12.55.035 and Alaska Statute § 12.55.135, all of which is in violation of

//

//

//

//

5

18 U.S.C. § 402, a crime punishable by a fine of up to $1,000 and up to six months of imprisonment.

*(signed)* C2

Casey E. Melton
Deputy U.S. Marshal
U.S. Marshals Service

Subscribed and sworn to before me this
__22__ day of May, 2020

*(signed)* Deborah M. Smith

Deborah M. Smith
United States Magistrate Judge
District of Alaska
Anchorage, AK